UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brandi Yaeck,

          Plaintiff,

v.

Life Insurance Company of
North America, a Pennsylvania
corporation, d/b/a CIGNA Group
Insurance,

          Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 11-2056 ADM/SER

_____

Denise Yegge Tataryn, Esq., and KrisAnn Norby-Jahner, Esq., Mansfield Tanick & Cohen, PA, Minneapolis, MN, on behalf of Plaintiff Brandi Yaeck.

Daniel K. Ryan, Esq., and Michael T. Berger, Esq., Hinshaw & Culbertson LLP, Minneapolis, MN, on behalf of Defendant Life Insurance Company of North America.

_____

## I.  INTRODUCTION

On December 2, 2011, the undersigned United States District Judge heard oral argument on Defendant Life Insurance Company of North America's ("LINA") Amended Motion to Dismiss [Docket No. 11].  Plaintiff Brandi Yaeck ("Yaeck") opposes this motion.  For the reasons set forth below, Defendant LINA's Motion to Dismiss is granted.

## II.  BACKGROUND[1]

Yaeck was employed with Ridgeview Medical Center ("Ridgeview") and insured through an employer-sponsored group short-term disability ("STD") and long-term disability ("LTD") policy with LINA, effective January 1, 2009.  Am. Compl. [Docket No. 10] ¶ 4.  Yaeck

---

[1] In considering Defendant's Motion to Dismiss, the Court takes the facts alleged in Plaintiff's Complaint to be true.  See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

worked at Ridgeview as a Manager of Clinical Support Services. Id. ¶ 6. LINA was the insurer of the STD and LTD plans, pursuant to an Administrative Services Agreement [Docket No. 14] Ex. B (the "Agreement"). Id. ¶ 7.[2]

On August 10, 2009, Yaeck fell at her cabin and sought treatment at the Ridgeview Medical Center Emergency Room ("Ridgeview ER"). Id. ¶ 22. On August 13, 2009, an MRI showed disc bulges and osteoarthritis, and sometime between August 18–20 Yaeck was hospitalized due to her injuries. Id. ¶¶ 24–25. On September 30, 2009, Yaeck filed an STD claim and supporting documents with LINA at her employer's recommendation. Id. ¶¶ 31–32. In October, Dr. Van Kirk from Lakeview Clinic in Waconia, Minnesota, restricted Yaeck from any work. Id. ¶ 33. On October 7, 2009, LINA approved Yaeck's STD benefits through August 31, 2009, and requested her updated medical files from Dr. Van Kirk. Id. ¶¶ 34–35.

On October 20, 2009, LINA requested Yaeck provide medical information in order to extend benefits beyond August 31, 2009. Id. ¶ 37. LINA sought additional medical information from Yaeck on December 10, 2009, in order to extend benefits beyond October 23, 2009. Id. ¶ 43. On January 13, 2010, Yaeck received a letter from LINA stating that her claim had been reviewed and her STD benefits beyond August 31, 2009, were being denied. Id. ¶ 52. On

---

[2]Ordinarily, if a district court relies on "matters outside the pleadings" in considering a motion to dismiss, that motion is converted to one for summary judgment. BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687–88 (8th Cir. 2003). However, the Court may properly consider public records and matters that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). On a dispositive motion, the Minnesota Rules require a responding party's affidavits and exhibits to be filed at least 21 days prior to the hearing. D. Minn. LR 7.1(b)(2). Yaeck presented several exhibits at the motion hearing on December 2, 2011. As these exhibits were not timely filed, and as they are not matters "necessarily embraced by the pleadings," they are not considered in this motion to dismiss.

August 16, 2010, LINA communicated to Yaeck that it had completed an updated review of her STD claim and was approving benefits through December 16, 2009.  Id. ¶ 80.

On August 20, 2010, LINA denied Yaeck's STD claim for benefits beyond December 16, 2009.  Id. ¶ 82.  Yaeck appealed the denial on November 2, 2010.  Id. ¶ 91.  Yaeck received a letter from LINA on November 23, confirming receipt of her appeal and stating it needed additional relevant information by December 7, 2010.  Id. ¶ 103.  LINA notified Yaeck on January 3, 2011, that her appeal would be delayed by a medical review of her file.  Id. ¶ 105.  LINA upheld its denial of Yaeck's STD claim on January 18, 2011.  Id. ¶ 107.  LINA also stated that Yaeck had exhausted all administrative levels of appeal for this STD claim.  Id. 111.

On the same day, LINA informed Yaeck that it would not review her LTD claim because no claim had been filed.  Id. ¶ 112.  Yaeck never filed a claim form for LTD benefits, but avers that her attorney's letters to LINA on July 23, August 20, and November 2, 2010, as well as on January 12, 2011, constitute a claim under the Agreement.  Id. ¶ 114.  Yaeck commenced this case on July 25, 2011, seeking both STD and LTD benefits.

### III.  DISCUSSION

**A.**     **Standards of Review**

In considering a motion to dismiss under Rule 12(b)(6), courts must accept the nonmoving party's facts as true and construe the pleadings in the light most favorable to them. Hamm, 15 F.3d at 112.  Ambiguities concerning the sufficiency of claims must be resolved in the nonmovant's favor as well.  Ossman v. Diana Corp., 825 F. Supp. 870, 879–80 (D. Minn.

1993).  A motion to dismiss should be granted only when "it appears beyond doubt that the [claimant] can not prove any set of facts in support of his claim that would entitle him to relief." Schaller Tel. Co. v. Golden Sky Sys., 298 F.3d 736, 740 (8th Cir. 2002).  The same standard is applied to motions for judgment on the pleadings.  Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006).

B.     **Yaeck Has Failed to State Claims Upon Which Relief Can Be Granted**

In its Motion to Dismiss, LINA argues that Yaeck's claims for STD benefits warrant dismissal because LINA is not the appropriate defendant.  Additionally, LINA urges that Yaeck's LTD claims are barred due to her failure to exhaust administrative remedies.  Lastly, LINA contends that since both the STD and LTD claims should be dismissed, the request for attorneys' fees and costs are moot.  Each of these arguments is addressed below.

1.     **Yaeck's STD Claim Against LINA is Dismissed**

Under 29 U.S.C. § 1132(a)(1)(B), a beneficiary or participant may bring a civil action against a plan administrator "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  The plan administrator is either the person expressly designated by the plan, the plan sponsor if no administrator is designated, or a person the Secretary prescribes through regulation.  29 U.S.C. § 1002(16)(A).  A plan sponsor is either the employer, employee organization, or the employer association, depending on which entity establishes or maintains the employee benefit plan.  Id. § 1002(16)(B).  Pursuant to 29 U.S.C. § 1132(a)(1)(B), the proper defendant "is the party with authority, under the relevant plan documents, to pay benefit claims

from plan assets." Slayhi v. High-Tech Institute, Inc., No. 06-CV-2210, 2007 WL 4284859, *10 (D. Minn. 2007); Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998) (holding that the proper defendant in ERISA actions is the party controlling the plan administration).

It is undisputed that Ridgeview is the Plan Administrator and payor under the Agreement. See Agreement Ex. A at 4 ("All liability for payment of claims made under the Plan shall rest with Employer."); Mem. in Opp'n to Mot. [Docket No. 15] 1 ("Plaintiff concedes that Ridgeview is the proper party Defendant."). Under Slayhi analysis, Ridgeview, not LINA, is the party with the authority to pay benefit claims and, as such, is the proper defendant for this 29 U.S.C. § 1132(a)(1)(B) claim. Moreover, at oral argument Yaeck waived her right to amend her Complaint to add Ridgeview as a party, because Ridgeview has already paid the STD benefits at issue in this case. Accordingly, Yaeck's STD claim against LINA is dismissed with prejudice.

### 2. Yaeck's LTD Claim Against LINA is Dismissed

#### a. Exhaustion

Under ERISA, "[a] summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries." 29 U.S.C. § 1022(a). The summary plan description must include the name and type of plan administration, the requirements for eligibility, the procedures for presenting claims, and the remedies for redress. Id. § 1022(b). ERISA also requires that every plan must provide a benefits appeal procedure. 29 U.S.C. § 1133(2) ("every employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."). A benefit determination must be made within 45 days of when

the "claim is filed in accordance with the reasonable procedures of a plan." 29 C.F.R. § 2560.503-1(f)(4).  In the Eighth Circuit, "where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, [her] claim for relief is barred."  Layes, 132 F.3d at 1252.  Courts have waived this exhaustion requirement only in cases where the plan administrator failed to perform a necessary duty, such as providing an explanation of the claim appeal procedure.  See Conley v. Pitney Bowes, 34 F.3d 714, 717 (8th Cir. 1994).

      Here, the Agreement, coupled with the Group Disability Insurance Certificate (the "Certificate"), Downey Aff. [Docket No. 14] Ex. F, and its supplemental information, constitutes the summary plan description.  See Certificate 15 ("The Certificate, along with the following Supplemental Information, makes up the Summary Plan Description as required by ERISA.").  The Certificate specifies that when an individual is eligible to receive benefits, she "must request a claim form or obtain instructions for submitting [her] claim telephonically or electronically, from the Plan Administrator.  All claims . . . must be on the claim form or in the electronic or telephonic format provided by the Insurance Company."  Id.  Additionally, if the forms or instructions are unavailable, the individual "must provide a written statement of proof of loss." Id.  Written notice must be given to LINA within 31 days after a covered loss occurs or as soon as reasonably possible, and that notice should include among other things, the policy number. Downey Aff. Ex. E ("LTD Policy") 11.  Under the plan, LINA "shall have the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact."  Certificate 15.

Yaeck contends that the submission of her STD claim on September 30, 2009, along with its supporting medical documentation, was sufficient written proof to give LINA notice that she was also filing an LTD claim.  Alternatively, Yaeck argues that her attorney's multiple letters served as notice to LINA.  <u>Id.</u> ¶ 114.  Yaeck also argues that since LINA failed to provide Yaeck with LTD claim forms, she satisfied the "written statement of proof of loss" requirement by submitting medical records and thereby exhausted her remedies.  LINA rejoins that until Yaeck's July 23, 2010 letter, it was not on notice that she intended her STD claim and documentation to be considered also for an LTD claim.  LINA states that it clearly communicated it did not consider an LTD claim properly filed and that despite its several invitations to file an LTD claim, Yaeck has not done so.

Given that LINA has full discretionary authority to interpret the terms of the Agreement, it could have reasonably determined that Yaeck failed to file a valid LTD claim or sufficient "written statement of proof of loss."  Since Yaeck knew as of February 10, 2011, that LINA believed "neither [counsel] or [Yaeck] ha[d] filed an LTD claim," Am. Compl. ¶ 115, Yaeck's failure to subsequently submit a claim form or a proper telephonic or electronic statement of proof of loss is a failure to exhaust her administrative remedies.  LINA's counsel stated at the hearing on December 2, 2011, that LINA would still consider a properly-filed LTD claim from Yaeck.  Because Yaeck has not exhausted her remedies, this issue is not yet ripe for judicial review and is dismissed without prejudice.

### b. Futility

Yaeck also argues that, even if she has not exhausted her administrative remedies under the Agreement, she need not do so because it would be futile. LINA, alternatively, argues that Yaeck has failed to meet her burden of proving futility.

Futility is a narrow exception to an exhaustion requirement. Brown v. J.B. Hunt Transp. Servs., Inc., 586 F.3d 1079, 1085 (8th Cir. 2009). The plaintiff bears the burden of establishing futility. Ace Property and Cas. Ins. Co. v. Federal Crop Ins. Corp., 440 F.3d 992, 1000 (8th Cir. 2006). To meet this burden of proof, a plaintiff must show certainty that her claim will be denied, not mere speculation. Norby v. Twin City Carpenters and Joiners, Health and Welfare Fund, 2008 WL 918716, at *3 (D. Minn. Apr. 1, 2008).

Yaeck has failed to establish a certainty that her LTD claim would have been denied. While Yaeck argues that LINA was on notice of her LTD claim and failed to send her a claim form or to issue a determination, the facts do not show with certainty that if Yaeck properly filed or files an LTD claim that it would be denied by LINA. Accordingly, Yaeck has not shown that doing so would have been futile, and therefore must exhaust her administrative remedies.

### 3. Yaeck's Request for Attorneys' Fees and Costs is Denied as Moot

As the underlying STD and LTD claims are dismissed, Yaeck's request for attorneys' fees stemming from these actions is accordingly dismissed without prejudice as moot.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED :**

1. Defendant LINA's Amended Motion to Dismiss [Docket No. 11] is **GRANTED**;

2. Plaintiff Yaeck's Complaint is **DISMISSED** with prejudice as to Count 1 and without prejudice as to Counts 2 and 3.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 15, 2011.