UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brandi Yaeck,

          Plaintiff,

   v.

Life Insurance Company of
North America, a Pennsylvania
corporation, d/b/a CIGNA Group
Insurance,

          Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 11-2056 ADM/SER

---

Denise Yegge Tataryn, Esq., and KrisAnn Norby-Jahner, Esq., Mansfield Tanick & Cohen, PA, Minneapolis, MN, on behalf of Plaintiff Brandi Yaeck.

Daniel K. Ryan, Esq., and Michael T. Berger, Esq., Hinshaw & Culbertson LLP, Minneapolis, MN, on behalf of Defendant Life Insurance Company of North America.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Brandi Yaeck's ("Yaeck") Motion to Amend or Alter Judgment [Docket No. 26]. For the reasons set forth below, Yaeck's Motion is denied.

The Court dismissed this case in its December 15, 2011 Order [Docket No. 24]. Yaeck now moves to amend or alter the judgment, pursuant to Federal Rule of Civil Procedure 59(e). Specifically, Yaeck contends that the Court erred in its applying the exhaustion of remedies requirement and in not finding futility as an exception to that requirement. The facts are set forth fully in this Court's December 15, 2011 Order, and Yaeck's arguments are discussed below.

## II. STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend a judgment if filed no later than 28 days after the entry of judgment. District courts have broad discretion in determining whether to amend their own judgment. Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Such motions are to be granted sparingly because of the judicial interest in finality and conservation of scarce judicial resources. Pa. Ins. Guar. Ass'n v. Trabosh, 812 F.Supp. 522, 524 (E.D.Pa. 1992). A motion to amend serves "the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations omitted).

## III. DISCUSSION

Yaeck argues that the Life Insurance Company of North America ("LINA") lacked "discretionary authority" because discretion was granted only in the Summary Plan Description and not in the Long-Term Group Disability Policy ("LTD Group Policy") itself. See Ringwald v. Prudential Ins. Co. of America, 609 F.3d 946 (8th Cir. 2010). Yaeck's argument that this Court erred in its decision is flawed. Regardless of discretionary authority, Yaeck failed to exhaust her administrative remedies by not properly filing a long-term-disability ("LTD") claim as well as not appealing the alleged denial of that claim, and she did not adequately establish the futility of properly filing or appealing her LTD claim.

**A.     Exhaustion**

In the Eighth Circuit, "[w]here a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, [her] claim for relief is barred." Layes v. Mead Corp., 132 F.3d 1246, 1252 (8th Cir. 1998). "[B]enefit claimants must exhaust [the benefits appeal] procedure before bringing claims for wrongful denial to court." Galman v. Prudential Ins. Co. of America, 254 F.3d 768, 770 (8th Cir. 2001). Courts have waived the exhaustion requirement only in cases where the plan administrator failed to perform a necessary duty, such as providing an explanation of the claim appeal procedure. See Conley v. Pitney Bowes, 34 F.3d 714, 716–17 (8th Cir. 1994).

The LTD Group Policy, Downey Aff. [Docket No. 14] Ex. E, along with the Summary Plan Description ("SPD") – composed of the Disability Insurance Certificate (the "Certificate"), Id. Ex. F, and its supplemental information – constitute the LTD Plan. See Certificate 15 ("The Certificate, along with the following Supplemental Information, makes up the Summary Plan Description as required by ERISA."); see also LTD Group Policy 19 ("This Policy is **a** Plan document within the meaning of ERISA. As respects the Insurance Company, it is the sole contract under which benefits are payable by the Insurance Company. Except for this, it shall not be deemed to affect or supersede other Plan documents.") (emphasis added). Such a determination is a matter of law. See Ross v. Rail Car America Group Disability Income Plan, 285 F.3d 735, 739 (8th Cir. 2002) (upholding as a matter of law the district court's determination that "the policy and the Summary Plan Description jointly constitute the Plan documents").

The Certificate specifies that when an individual is eligible to receive benefits, she "must request a claim form or obtain instructions for submitting [her] claim telephonically or

electronically, from the Plan Administrator.  All claims . . . must be on the claim form or in the electronic or telephonic format provided by the Insurance Company." Id. 16.  Additionally, if the forms or instructions are unavailable, the individual "must provide a written statement of proof of loss." Id.  Written notice must be given to LINA within 31 days after a covered loss occurs or as soon as reasonably possible, and that notice should include among other things, the policy number.  LTD Group Policy 11.  Under the plan, LINA "shall have the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact."  Certificate 16.

Yaeck argues the Certificate is insufficient to grant LINA discretionary authority to interpret the Plan.  Yaeck cites numerous cases from the Eighth Circuit to the effect that "we do not infer discretionary authority when an employer or plan sponsor has funded its obligations under an ERISA plan . . . .  Rather, we require 'explicit discretion-granting language' in the policy or in other plan documents to trigger the ERISA deferential standard of review."  McKeehan v. Cigna Life Ins. Co., 344 F.3d 789, 793 (8th Cir. 2003); see also Walke v. Group Long-Term Disability Ins., 256 F.3d 835, 839 (8th Cir. 2001) (finding that the words "insureds must submit satisfactory proof to us" "do not trigger the deferential ERISA standard of review").  Moreover, recent Eighth Circuit cases have held that a grant of discretionary authority found only in a Summary Plan Description does not vest the administrator with discretion.  See Jobe v. Medical Life Ins. Co., 598 F.3d 478, 483–86 (8th Cir. 2010) (invalidating a grant of discretionary authority because due to the "policy's silence [about discretion] . . . the summary plan description does not summarize a provision of the policy related to discretion, but instead enlarges the administrator's authority.").

A finding that LINA lacked discretionary authority is insufficient to warrant a different outcome in this case. Even under *de novo review*, Yaeck has failed to demonstrate that she exhausted her administrative remedies by properly filing an LTD claim in the manner specified in the LTD Group Policy and the SPD. It is undisputed that Yaeck did not file her LTD claim on a proper LINA form, nor was her claim submitted in the "electronic or telephonic format provided by the Insurance Company." Certificate 15. Although Yaeck contends that her September 30, 2009 submission of a short-term disability ("STD") claim and documentation was sufficient written proof to put LINA on notice of her LTD claim, and alternatively that her attorney's letters to LINA served as sufficient notice, the alleged notice of an LTD claim did not meet the requirements set forth in either the LTD Group Policy or the SPD.[1]

Moreover, if as Yaeck contends the refusal to make a decision on her LTD claim was a de-facto denial of LTD benefits, then she was required to appeal the decision. The LTD Group Policy states that "[w]henever a claim is denied, there is the right to appeal the decision. A written request for appeal must be made to the Insurance Company. . . [or] the right to appeal will have been waived." Id. 20. The appeals process provides a "prompt and complete review of the claim" and "will give no deference to the original claim decision," nor will it "be made by

---

[1]Although Plaintiff's counsel argues that this case is the same as her previous case Young v. UnumProvident Corp., No. Civ. 01-2420, 2002 WL 2027285, at *4 (D. Minn. Sept. 3, 2002), that decision is not binding on this Court and its facts are not sufficiently similar to warrant the same result. Pointedly, in that case the court found that "[f]or all practical purposes, [the plaintiff] did exhaust her administrative remedies as required by the LTD Plan," because she had provided all claim information by a claim-approved letter. Id. at *4. Important to that case was that "the STD and LTD plans had identical requirements" and "[c]laims for benefits under both plans were reviewed by UNUM." Id. Here, the STD and LTD plans are different, are reviewed by different entities, and Yaeck's letters and STD claim are insufficient to constitute notice under the LTD Group Policy or SPD.

the person who made the initial claim decision, or a subordinate of that person." Id. Although the plan language describes the review procedure in rather permissive language, "In no case has [the Eighth Circuit] excused a failure to exhaust contractual remedies based on the fact that plan language described a review procedure as permissive rather than mandatory." Wert v. Liberty Life Assur. Co. of Boston, Inc., 447 F.3d 1060, 1065 (8th Cir. 2006). It is undisputed that Yaeck failed to appeal what she deemed a denial of LTD benefits. Because Galman establishes in this Circuit that benefits claimants must exhaust their appeals procedures before filing a wrongful denial claim, Yaeck has failed to exhaust the required administrative remedies and her Complaint, therefore, warrants dismissal.

    **B.**    **Futility**

Futility is a narrow exception to an exhaustion requirement. Brown v. J.B. Hunt Transp. Servs., Inc., 586 F.3d 1079, 1085 (8th Cir. 2009) ("The futility exception is narrow — the plan participant must show that it is certain that [her] claim will be denied on appeal, not merely that [she] doubts that an appeal will result in a different decision.") (internal citations omitted). The plaintiff bears the burden of establishing futility. Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp., 440 F.3d 992, 1000 (8th Cir. 2006). To meet this burden of proof, a plaintiff must show with certainty that her claim will be denied, not mere speculation. Norby v. Twin City Carpenters & Joiners, Health and Welfare Fund, Civ. No. 07-4453, 2008 WL 918716, at *3 (D. Minn. Apr. 1, 2008).

Yaeck argues that LINA reviewed the evidence submitted for the LTD disability claim and made a determination, and therefore it would be futile for her "to submit claim forms and start the process over." Pl.'s Mem. in Supp. of Mot. to Amend [Docket No. 28] 9. Yaeck does

not address the futility of filing an appeal through the provided LINA appeals procedure.  Given the differing claims and appeals procedures in the STD and LTD plans, the divergent "disability definitions" in those plans, and LINA's role in conducting a final review on the LTD claim but not on the STD claim, Yaeck has not shown with certainty that the initial denial of her STD claims means that properly filing an LTD claim form would also be futile.  Moreover, Yaeck has not addressed her failure to appeal LINA's alleged denial of LTD benefits; as a result, she has not sufficiently established with certainty that "[her] claim will be denied on appeal, not merely that [she] doubts that an appeal will result in a different decision."  Brown, 586 F.3d at 1085.  Failing to establish futility, Yaeck is required to exhaust her administrative remedies and has not done so here.

## IV.  CONCLUSION

Yaeck's arguments that she exhausted her administrative remedies or that to do so would be futile are unavailing.  At its heart, Plaintiff's Amended Complaint [Docket No. 10] sought for this Court not to review a denial of an LTD claim but rather to make a long-term disability determination as a matter of first impression.  The purposes of the exhaustion requirement are to "giv[e] claims administrators an opportunity to correct errors, promot[e] consistent treatment of claims, provid[e] a non-adversarial dispute resolution process, decreas[e] the cost and time of claims resolution, assembl[e] a fact record that will assist the court if judicial review is necessary, and minimiz[e] the likelihood of frivolous lawsuits."  Galman, 254 F.3d at 770.  Because Yaeck failed to avail herself of the administrative remedies provided by LINA, none of these purposes were advanced.  As a result of Yaeck's failure to fulfill the exhaustion requirement or to establish the futility of exhausting her available remedies, this Court will not amend or alter its December 15, 2011 Order [Docket No. 24].

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Yaeck's Motion to Amend or Alter Judgment [Docket No. 26] is **DENIED.**

BY THE COURT:


      s/Ann D. Montgomery

ANN D. MONTGOMERY

U.S. DISTRICT JUDGE

Dated:  February 2, 2012.